UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUHTAMAKI FOODSERVICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV S-04-1494 LKK JFM |
| v. ) | |
| ) | STIPULATED PROTECTIVE ORDER |
| AMERIPRIDE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff and Defendant, collectively "the Parties," have agreed to the entry of a Protective Order covering all Non-Public Information exchanged with and/or obtained from any Party as part of discovery in this case (the "Action"). Plaintiff and Defendant stipulate and agree that the Protective Order shall (a) limit the Parties' use of Non-Public Information obtained from the other Party through discovery to those purposes reasonably necessary for the analysis, preparation and trial of this matter; and (b) prohibit, except as set forth herein, the Parties from publishing or otherwise disseminating Non-Public "Confidential" Information that has been obtained from the other Party through discovery to persons or sources who are not parties to this litigation.

      This Protective Order applies to Non-Public Information obtained from the other Party through any discovery method and includes discovery from each Party's agents or representatives as long as that Non-Public Information meets the definition of "Confidential" as defined herein. This Order also applies to any and all Non- Public Information and/or documents designated as "Confidential," that have been previously produced in related cases other than actions brought by an entity of the State of California.

PDF created with pdfFactory trial version www.pdffactory.com

This agreement shall be effective as of the date it is executed by the Parties, but shall cover Non-Public Information obtained through discovery from the other Party at any point during the pendency of this litigation.

As used in this Protective Order, the phrase "Non-Public Information" shall include, without limitation: documents, objects, photographs, videotapes, electronically-stored information, samples or sampling data or reports, deposition or other witness testimony or statements, as well as any mental impressions gathered, obtained, generated or otherwise resulting from information obtained from any Party through any form of discovery conducted in this case. "Non-Public Information" shall not include data or information, in whatever form, obtained by a Party from sources or persons not a Party to this action or which are in the public domain or of public record (such as on file with a government agency).

To the maximum extent feasible, all documents exchanged subsequent to the entry of this Protective Order that are intended to be protected as Non-Public Information shall have placed upon them a marking that reads: "CONFIDENTIAL." The absence of such a marking on a document produced or exchanged prior to entry of this Protective Order does not remove the document from the terms of this Protective Order, provided that the producing party so designates the documents within 15 days after entry of this Protective Order. Any discovery materials that are not publicly available or in the public domain and that are also inadvertently produced without a "CONFIDENTIAL" mark or stamp and that the producing party intends to be kept confidential may be subsequently marked or stamped as provided herein and shall be and remain subject to this Protective Order. As used in thie Protective Order, the word "confidential" applies only to the party's confidential, trade secret, or proprietary information. Information that is "sensitive" only

2

because it relates to the environmental condition of property that is subject to this action is not confidential.

If any Party is uncertain whether any particular information is in the public domain or of public record, such Party shall refrain from any use or disclosure other than those permitted by paragraph 3 below until the Party has contacted the other Party to confirm the status of the material.

Based on the foregoing statement of understanding, it is hereby stipulated and Ordered that:

1.  It is the duty of the Party producing a document or information to mark or otherwise designate, in advance of production, that material which the producing Party considers to be Non-Public Information.  However, the absence of such markings on a document produced or exchanged before entry of this Protective Order does not remove the document from the terms of this Protective Order, provided that the producing party so designates the document within 15 days after entry of this Protective Order.  For depositions, Parties (and deponents) may, within 45 days after mailing/service of a deposition by the court reporter, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining or highlighting the portions of the pages that are confidential and marking such pages with the following legend:  "Confidential – Subject to Protection Pursuant to Court Order," or language similar thereto.  Until expiration of the 45-day period, the entire deposition will be treated as subject to protection against disclosure under this order.  If no Party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be treated as confidential for all purposes, including submission to the Court, consistent with the procedures set forth in paragraph 6 herein.

PDF created with pdfFactory trial version www.pdffactory.com

2. Discovery materials that have been made publicly available, other than by breach of this Protective Order, may not be designated as Confidential and are not subject to this Protective Order. Any Confidential Documents that a party subsequently places in the public domain will no longer be protected from disclosure by this Protective Order.

3. The Parties shall limit the use of Non-Public Information obtained from the other Party through discovery conducted in this case to those purposes reasonably necessary to analyze, prepare, and try this case.

The Parties may disclose Non-Public Information to:

(a) The Parties themselves, their current and former directors, officers, partners, principals, employees, and insurers;

(b) Counsel working on this action on behalf of the Parties and such counsel's paralegal, secretarial, or clerical employees who are assisting counsel in the preparation and trial of this action;

(c) Court reporters transcribing deposition testimony in this action;

(d) Copying services, which will not retain copies of any documents containing Non-Public Information;

(e) Third-party contractors who are involved in organizing, filing, storing, or retrieving information or data;

(f) Experts and consultants retained or specially employed by the Parties or counsel for the Parties concerning the preparation and trial of this action and the employees of any such consultant who assist in the work for which the consultant is engaged;

(g) Persons other than court reporters involved in recording, videotaping, or deposition testimony in this action;

PDF created with pdfFactory trial version www.pdffactory.com

      (h)      Third-party contractors who are involved in imaging, microfilming, or transcribing similar services;

      (i)      Investigators retained by or specially employed by counsel concerning the preparation and trial of this action;

      (j)      The court and its support personnel; and

      (k)      Witnesses at depositions and prospective witnesses (subject to their agreement not to disclose the contents of such confidential documents, except as permitted by this Protective Order).

Before disclosing any Non-Public Information, or the contents thereof, to any person specified above, counsel shall provide such person a copy of this Protective Order; and the person to whom disclosure will be made shall agree (i) to be bound by the terms hereof, (ii) to maintain the Non-Public Information in confidence, and (iii) not to disclose the Non-Public Information to anyone other than in accordance with the terms of this Protective Order.  Counsel who discloses Non-Public Information to any person shall be responsible for any breach of the Protective Order by the recipient of the information.

      4.      A deponent may during the deposition be shown and examined about Non-Public Information and documents containing Non-Public Information without the examining Party waiving such confidentiality.  Deponents shall not retain or copy portions of the transcript of their depositions that contain Non-Public Information not provided by them or the entities they represent or by whom they are employed unless they agree to be bound by this Agreement or unless they are parties to this lawsuit. A deponent who is not a Party or a representative or employee of a Party shall be furnished a copy of this order before being examined about documents containing Non-Public Information.

PDF created with pdfFactory trial version www.pdffactory.com

5. In addition, the Parties may disclose Non-Public Information to any federal, state, or local government agency where and when necessary to protect human health and/or the environment.

6. A party filing a document with the Court containing Confidential Documents must, concurrently with the filing of said Document, request in writing that the Clerk of the Court place such filing under seal. Upon receipt of such a request, the Clerk shall place the filing in a sealed envelope or other appropriately sealed container, which the requesting Party shall furnish to the Clerk, on which shall be endorsed the title of the Action, an indication of the nature of the contents of such sealed envelope or other container, the notation "CONFIDENTIAL – PROTECTED BY COURT ORDER," and a statement substantially in the following form: "This envelope contains confidential information and is sealed pursuant to the [date] Order of the Court at the request of [requesting party]. It is not to be opened or the contents thereof to be disclosed, displayed, or revealed to any persons except by Order of the Court or pursuant to consent of the parties claiming confidentiality." Said envelope or container shall not be opened except by the Court without further order of the Court or pursuant to consent of the party or parties claiming confidentiality.

7. This Protective Order is without prejudice to any party's right to assert the attorney-client, work product, or other privileges or protections, to any other party's right to contest such assertion, to any party's right to contest the designation of discovery materials as confidential by any other party and to any other party's right to seek an order declaring any specific materials to be non-confidential. Further, nothing herein shall prejudice the right of any party to object to any request for information or request for production of particular documents or to any other discovery request.

6

PDF created with pdfFactory trial version www.pdffactory.com

8. If, after documents have been copied and delivered, the producing Party determines that it produced documents that it contends are protected from disclosure by a privilege or the work product doctrine, the producing Party shall within a reasonable time after such determination notify all other parties in writing identifying the document for which such protection is claimed. If the Parties cannot agree on the status of the document(s), either Party may move the Court for determination of the claim. Until the assertion is resolved, no Party or nonparty may use the subject document(s) in any manner, subject to rights to recall witnesses or rights to question witnesses regarding the basis or bases for the privilege or work product claim.

9. If a party receiving Confidential Documents desires to disclose any part of them in a manner not in accordance with this Protective Order, the party seeking to make such disclosure shall obtain the agreement of the producing party to so proceed or, in the absence of such agreement, seek the approval of the court by way of a motion filed with the court.

10. The parties agree to submit this Protective Order to the Court and take all reasonable steps to obtain the Court's approval of this Protective Order by having it "so ordered" and further agree that, prior to approval by the Court, all production shall be subject to the order; if the order is approved, any violation of its terms prior to it actually being approved by the Court shall be subject to the same sanctions and penalties.

11. At the conclusion of the Action, if requested by the respective counsel in writing, all of the Confidential Document and all copies thereof, shall be promptly returned to the producing party or to its counsel or, at its request, destroyed. The delivery, return or destruction of the Confidential Documents shall be certified by the parties or their counsel. The Action shall have concluded upon settlement or entry of final judgment, the time for appeal from which has expired or

7

PDF created with pdfFactory trial version www.pdffactory.com

all appeals from which have been finally determined, the mandate issued and the time to seek further review has expired.

    12. This Protective Order, subject to further order of the Court, shall continue to be binding after the conclusion of the Action except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order. Until this order is dissolved or modified, the Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Protective Order or redressing any violation thereof.

    14. This Protective Order may be signed in counterparts.

| | |
|---|---|
| /s/ Stephen J. Darmody | /s/ Lee N. Smith |
| Counsel for Plaintiffs | Counsel for Defendants |
| | |
| Date: August 31, 2005 | Date: 9/12/05 |

    IT IS SO ORDERED.

DATED: September 20, 2005.

              /s/John F. Moulds
              U. S. Magistrate Judge

Huhtamaki.po

8

1750645v1
Portlnd3-1528394.1 0092460-00012

PDF created with pdfFactory trial version www.pdffactory.com